[Crim. No. 19039. Second Dist., Div. One. June 3, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM STERLING RITCHIE, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Donald J. Kaplan, Deputy District Attorneys, for Plaintiff and Appellant.

Joseph E. Gerbac for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Defendant was charged with possession of marijuana (§ 11530, Health & Saf. Code). He moved to suppress the evidence under section 1538.5, Penal Code; the following is a summary of the evidence received on a de novo hearing on the motion.

On the afternoon of August 7, 1969, in the course of a stolen automobile investigation, Officer Vauches accompanied by Officers Haptonstal

and McCloud went to defendant's home; he knocked on the front door and defendant opened it; he identified himself, stated he was working on a grand theft auto investigation and asked defendant if he could ask him a few questions; defendant replied, "Certainly. I don't know anything about a stolen car. Come in." Officer Haptonstal was sitting on a couch waiting for Officer Vauches to complete his conversation with defendant; he looked to the right at the end of the couch and on top of some books saw a partially smoked hand-rolled cigarette which in his opinion was "a roach"; he then looked to the floor directly beneath where the cigarette lay and saw "tucked underneath the couch" but visible, a clear plastic bag (Baggie sandwich bag) with the top rolled down, in which was a green leafy substance which in his opinion was marijuana. He then arrested defendant, put the plastic bag in his pocket and with Officer McCloud searched the apartment. After finding other narcotics and paraphernalia in the apartment he put everything, including the plastic bag of marijuana and the cigarette, into a brown paper bag which he found in the apartment, probably in the kitchen, "just to keep all of the marijuana in one place so nothing would come out of the plastic bag," and transported it to the station where it was booked in evidence by Officer McCloud.

At this point the clerk advised that he did not have the exhibits,[1] whereupon the judge read into the record a note to the chief clerk alerting him that the exhibits received from division 64, municipal court, after the preliminary hearing had been misplaced and as yet had not been found. Defense counsel asked for a conference in chambers "concerning this matter"; the conference was off the record but at the conclusion the judge took the bench and said, "I have had a conference with counsel. We have decided to proceed on the 1538.5. Go ahead." When cross-examination of Officer Haptonstal was completed and the People rested, defense counsel, without any discussion of the matter or argument thereon said, "We will move to dismiss in light of the fact that the evidence is not in court," whereupon the judge granted defendant's motion to dismiss for the sole purpose of obtaining a ruling of the appellate court as to whether it is necessary "to have the evidence physically in court in order to conduct these [1538.5] hearings."[2] The People appeal pursuant to subdivisions (7) and (8) of section 1238, Penal Code, from the order dismissing the case.

---

[1]At the preliminary hearing a sealed envelope was received in evidence (Exh. 1) which contained a large brown paper bag and four envelopes, one containing the plastic bag of marijuana (1-A) and an envelope containing a partially smoked hand-rolled marijuana cigarette (1-B); the remaining items found in other parts of the apartment were not received in evidence and are not here involved.

[2]"MR. GERBAC: We will move to dismiss in light of the fact that the evidence is not in court.

"THE COURT: That is something I would like to have resolved and for a very good

■ At the outset there exists in the record a conflict concerning the action taken by the trial judge. The reporter's transcript of the oral proceedings on the motion pursuant to section 1538.5, Penal Code, unequivocally shows that the trial judge did not rule on defendant's motion to suppress but granted defendant's motion "to dismiss in light of the fact that the evidence is not in court." However, contrary to the foregoing, the clerk's minutes recite, "Court grants defendant's motion under Section 1538.5 PC, and states he 'questions the need to have exhibits at Section 1538.5 PC motions'. Court orders case dismissed." The minute order is completely silent as to defendant's motion to dismiss and the court's ruling thereon. The question as to which of the two records is controlling is determined from a consideration of the circumstances under which the proceedings were had. (*People* v. *Shaffer,* 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844].) In the circumstances here it is abundantly clear that the judge

reason. This is not the first time that we have had difficulty finding exhibits, and when you consider the number of courts that there are in Los Angeles County and the problem of getting exhibits from a Municipal Court to an exhibit shelter or wherever they keep them to go back out to Superior Court for motions and for trials, I would like to have a ruling out of the Appellate Court as to whether or not we have to have these things; and I think the best chance I have of getting a ruling out of the Appellate Court is to grant this motion.

"MR. GUNSON: Your Honor, may the People be heard on the matter?

"THE COURT: Sure.

"MR. GUNSON: Your Honor, on the basis that a 1538.5—

"THE COURT: I hope I am not purposely making a mistake. But so we can get a ruling on it, that is what I am going to do.

"MR. GERBAC: Of course, your Honor, the one issue which I am trying to raise—

"THE COURT: We could solve a lot of problems around here if I could get a ruling that we don't have to have all this junk around here for the purpose of ruling on a legal motion. That is the point I am making.

"MR. GERBAC: Of course, my point which I will make—

"THE COURT: What are you arguing about? I have just granted your motion.

"MR. GUNSON: Your Honor, the purpose of a 1538.5 motion is to determine whether the evidence still should be admitted at a later hearing. In fact, defense counsel can prevent introduction of that evidence into the 1538.5 on the basis that that is the whole question, whether it should be admitted or not.

"For that reason, People contend that People are not required to have the testimony at the 1538.5 because it is to determine whether that evidence is admissible.

"THE COURT: I think you are right. That is why I am making the ruling that I am. I just told you I am purposely making what I consider to be a mistake in order to get a ruling out of the Appellate Court on the thing.

"I will grant the motion for dismissal, and I am requesting the People to take an appeal from this ruling.

"MR. GERBAC: Your Honor, I thank the Court for granting my motion; however, I think there are factual grounds for which the Court can grant this motion on which I can proceed rather than this legal ground, because the last thing I want to be stuck on is an appeal.

"THE COURT: The case is dismissed. The defendant is discharged. Bail is exonerated, and the whole deal is to invite an appeal as to whether or not we have to have the evidence physically in court in order to conduct these hearings."

did not intend to, and did not rule on the 1538.5 motion then before him, but that he did grant defendant's motion to dismiss on the ground the exhibits were not in court and did so solely to obtain an appellate ruling as to whether the physical presence of the evidence is required on motions to suppress. We conclude that the reporter's transcript of the oral proceedings had in open court accurately reflects the action of the trial court. Thus, inasmuch as the order dismissing the case was not made upon the court's own motion based upon its order granting defendant's motion to suppress the evidence pursuant to section 1538.5, Penal Code, the People's appeal from the order under subdivision (7), section 1238, Penal Code, is not well taken.

A criminal prosecution may be dismissed in the superior court and a defendant may be discharged on several statutory grounds. The court may on application of the prosecuting attorney direct a joint defendant to be discharged that he may be a witness for the People (§ 1099, Pen. Code) or his codefendant (§ 1100, Pen. Code) and may dismiss a charge against defendant at the time of imprisonment on another charge, (§ 1381, Pen. Code) or a charge of a prior conviction (*People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241]). Also it may dismiss for failure to prosecute (§ 1382, Pen. Code) and "in furtherance of justice" (§ 1385, Pen. Code).[3] Therefore, unless the dismissal here falls in the last category there is neither statutory nor other authority for the validity of such order.

First, "it is clear from a reading of said section 1385 that it does not confer upon the defendant the privilege of moving to dismiss in the furtherance of justice. (*People* v. *Ellis,* 204 Cal. 39, 42 [266 P. 518].)" (*People* v. *Shaffer,* 182 Cal.App.2d 39, 44 [5 Cal.Rptr. 844].) Although a defendant can informally suggest that the court consider a dismissal of the case and the court on its own motion can adopt the suggestion, it is clear here that the motion to dismiss was formally initiated by the defendant and the court granted defendant's motion.

Second, any order of dismissal under the statute must be "in furtherance of justice" and the reasons therefor set forth in the minutes. (§ 1385, Pen. Code; *People* v. *Superior Court,* 69 Cal.2d 491, 503, fn. 7 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Beasley,* 5 Cal.App.3d 617, 638 [85 Cal.Rptr. 501]; *People* v. *Superior Court,* 240 Cal.App.2d 90, 92 [49 Cal.Rptr. 365].) The specification of reasons is not merely directory,

---

[3]Section 1385, Penal Code, provides, "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

and neither trial nor appellate courts have authority to disregard this requirement, for its main purpose is to restrain judicial discretion and curb arbitrary action for undisclosed reasons and motives. (*People* v. *Superior Court*, 13 Cal.App.3d 672, 678 [91 Cal.Rptr. 651]; *People* v. *Beasley*, *supra*, 5 Cal.App.3d 617, 637; *People* v. *Curtiss*, 4 Cal.App.3d 123, 127 [84 Cal.Rptr. 106]; *People* v. *Silva*, 236 Cal.App.2d 453, 455 [46 Cal. Rptr. 87]; *People* v. *Winters*, 171 Cal.App.2d Supp. 876, 880, 882 [342 P.2d 538]; *People* v. *Disperati*, 11 Cal.App. 469, 476-477 [105 P. 617].) ▇ While here the reporter's transcript of the oral proceedings shows the trial judge's motivation for his ruling on defendant's motion to dismiss, the minutes reflect neither the granting of the motion to dismiss nor the reasons therefor.

Third, the court not only made no pretense that the dismissal was in furtherance of justice but its stated reason for granting the motion clearly was not "in furtherance of justice," hence not a proper ground. (7) The discretion granted a trial court under section 1385, Penal Code, is broad; as expressed in *People* v. *Superior Court*, 69 Cal.2d 491, 504 [72 Cal. Rptr. 330, 446 P.2d 138], "The Legislature has given the trial court the power to dismiss under the broad standard of justice." However, thereunder the court does not have absolute power to dismiss for any reason. (*People* v. *Curtiss*, 4 Cal.App.3d 123, 126 [84 Cal.Rptr. 106].) ▇ Some of the factors which the trial court should consider before dismissing a case after a verdict is rendered apply as well to dismissals before trial. (*People* v. *Curtiss*, *supra*, 4 Cal.App.3d 123, 126.) They are set up in *People* v. *Superior Court*, *supra*, 69 Cal.2d 491, at page 505, and include "the weighing of the evidence indicative of guilt or innocence, the nature of the crime involved, the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration, [and] the possible harassment and burdens imposed upon the defendant by a [trial]. . . ." ▇ It is clear that judicial discretion under this statute must be exercised in the light of the constitutional rights of the defendant and the interests of society. (*People* v. *Superior Court*, 249 Cal.App.2d 714, 718 [57 Cal.Rptr. 892].)

▇ Although the statute does not specify any particular grounds for dismissal, it does contain one prohibition (a dismissal for any cause which would be ground of demurrer to accusatory pleading [§ 1385, Pen. Code; *People* v. *Smith*, 133 Cal.App.2d Supp. 777, 779 [284 P.2d 203]]), and case authority indicates that certain reasons are not "in furtherance of justice" and thus are improper grounds. A dismissal because a district attorney needs time to obtain witnesses and intends to follow up the dismissal with a new prosecution instead of seeking a continuance is not "in furtherance of justice" (*People* v. *Disperati*, 11 Cal.App. 469, 476 [105

P. 617]), nor are dismissals because the evidence was illegally obtained (*People* v. *Valenti,* 49 Cal.2d 199, 203 [316 P.2d 633]) or defendant charges discriminatory enforcement of the law (*People* v. *Winters,* 171 Cal.App.2d Supp. 876, 887 [342 P.2d 538]) or the judge feels that such a prosecution would mean that the court is "running a collection agency" (*People* v. *Curtiss,* 4 Cal.App.3d 123, 128 [84 Cal.Rptr. 106]) or the court seeks to prevent further prosecution by indictment and to require the district attorney to proceed by information. (*People* v. *Superior Court,* 13 Cal.App.3d 672, 679 [91 Cal.Rptr. 651].)

■ Here the judge expressed his reason for granting the motion to dismiss in this language, "I would like to have a ruling out of the Appellate Court as to whether or not we have to have these things [exhibits] . . . the whole deal is to invite an appeal as to whether or not we have to have the evidence physically in court in order to conduct these [1538.5] hearings." There is in the record before us no suggestion that the absence of the exhibits made it impossible for the judge to resolve any factual issue or determine the credibility of Officer Haptonstal or weigh the evidence or decide the 1538.5 motion, or that he felt because of their absence the People had failed to justify the search and seizure. Except for reading into the record the notice to the chief clerk and permitting an in-chambers conference at defendant's request, the judge evinced no particular interest in either the plastic bag of marijuana and roach or the brown paper bag, and except insofar as he expressed his desire for an appellate ruling on the general issue whether the physical presence of the exhibits is required on 1538.5 motions, he indicated no need for the exhibits in this particular case —in fact, the whole tenor of his comments was that he saw no need "to have all this junk around here for the purpose of ruling on a [1538.5] motion." Had the judge been concerned about the effect of absence of exhibits on the merits of the motion to suppress then before him, it would have been a simple matter to continue the case for a short time to permit the clerk's office to find the exhibits. We do not interpret the judge's academic interest in obtaining an advisory appellate ruling as the " 'furtherance of justice' objective sought by the statute which includes justice to society (the 'People') as well as to the defendant. (*People* v. *Gonzales, supra* [235 Cal.App.2d Supp. 887 (46 Cal.Rptr. 301)] at p. 890.)" (*People* v. *Superior Court,* 249 Cal.App.2d 714, 718 [57 Cal.Rptr. 892].) Here both parties were entitled to and were deprived of a determination of the motion then before the court—the motion to suppress the evidence pursuant to section 1538.5, Penal Code. We deem the dismissal under section 1385 to be invalid. (*People* v. *Superior Court, supra,* 13 Cal.App.3d 672, 678; *People* v. *Beasley, supra,* 5 Cal.App.3d 617, 637; *People* v. *Curtiss, supra,* 4 Cal.App.3d 123, 126-127.)

 The respondent advances a rather novel argument when viewed in the light of his own conduct at the hearing in the court below. He now says that "assuming it was error for the trial court to dismiss the case, it was intentional, irremedial error by an agency of the state and operates, under the facts of this case, to deprive [him] of any chance for a fair trial in violation of the due process clause of the 14th Amendment." While accusing the trial judge of intentionally committing error for his own convenience, claiming that as a result he was forced to disclose a critical defense for the purpose of this appeal, and urging this court to affirm the dismissal and prohibit the People from further prosecution of the case, respondent loses sight of the fact that the order to dismiss was the direct result of his own motion to dismiss "in light of the fact that the evidence was not in court." The judge did exactly as the defendant requested. It is noted that while respondent is quite vocal in his brief as to why he wanted to see the brown paper bag, he made no motion in the court below for a continuance that the misplaced exhibits could be found.

 We are aware of no authority under the facts and circumstances of this case that supports the action taken by the trial judge. The order of dismissal is vacated and the case remanded to the superior court for further proceedings not inconsistent with this opinion.

Wood, P. J., and Thompson, J., concurred.