Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br><br>v.<br><br><br><br>JESÚS R. DÍAZ PACHECO<br><br>Recurrida | TA2025CE00052 | *Certiorari* procedente del Tribunal de Primera Instancia de Bayamón<br><br>Caso Núm.: DSC2023G0139<br><br>Sobre:<br>Ley de Sustancias Controladas, Posesión, Falsificación de Licencia, Certificado y Otra Documentación, Conducir Vehículo Sin Licencia Enmendado en el 2000, Ley 414 |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de julio de 2025.

Comparece el Pueblo de Puerto Rico (Ministerio Público o peticionario) mediante la Oficina del Procurador General (OPG) y recurso de *certiorari* para solicitar que revoquemos parcialmente la *Sentencia de Archivo* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 8 de mayo de 2025. En dicho dictamen, se ordenó la devolución de las huellas digitales y fotografías tomadas al señor Jesús R. Díaz Pacheco (señor Díaz Pacheco o recurrido). Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos parcialmente la *Sentencia de Archivo* recurrida.

En síntesis, el caso de epígrafe trata de la imputación de varios delitos al señor Díaz Pacheco. Según el expediente, y en lo pertinente a

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

nuestra decisión, el 31 de julio de 2023, el recurrido realizó una alegación de culpabilidad en cuanto a la denuncia por el delito menos grave del Artículo 3.23 (A) de la Ley Núm. 22-2000 (9 LPRA sec. 5073), sobre el delito menos grave de uso ilegal de licencia de conducir. Luego del Tribunal sentenciador declarar al recurrido culpable y convicto de infracción del referido Artículo 3.23 (A), le condenó a una pena de multa de doscientos ($200.00) dólares. Posteriormente, ambas partes solicitaron la concesión de libertad bajo palabra al amparo de la Regla 247.2 de Procedimiento Criminal (34 LPRA Ap. II), ante la alegación de culpabilidad del recurrido por los delitos del Artículo 215 del Código Penal de 2012, 33 LPRA sec. 5285, en su modalidad de tentativa, y por el Artículo 406 de la Ley Núm. 4 de 23 de junio de 1971 (24 LPRA sec. 2406). Igualmente, las partes informaron que el señor Díaz Pacheco suscribió un *Convenio para Tratamiento Programa Drug Court (Regla 247.2)* con la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA).

A esos efectos, el 7 de mayo de 2025, la coordinadora del Programa de *Drug Court* presentó una *Certificación de Cumplimiento de Convenio* en la que solicitó el sobreseimiento de los Casos Criminales Núms. DSC2023G0139 y DST2023G0012, es decir, los que involucran las infracciones del Artículo 215 del Código Penal de 2012, *supra*, y el Artículo 406 de la Ley Núm. 4 de 23 de junio de 1971, *supra*. Ante ello, luego de celebrar una vista de archivo, el Tribunal recurrido resolvió ha lugar, pero además ordenó al Comisionado de la Policía de Puerto Rico a devolver al señor Díaz Pacheco los récords que poseyera relativo a las fotografías y huellas digitales en el caso de epígrafe. Ello, a pesar del expediente carecer de alguna solicitud al respecto de parte

del recurrido. Ante la solicitud de reconsideración parcial del Ministerio Público, el Tribunal recurrido resolvió sin lugar al amparo del Artículo 2 del Código Civil de 2020, 31 LPRA sec. 5312.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró en derecho y abusó de su discreción al ordenar la devolución de las huellas digitales y las fotografías tomadas al recurrido, ya que este resultó convicto—tras una alegación de culpabilidad—de la comisión de un delito. La parte recurrida no mostró causa por la cual no deberíamos expedir el presente auto de *certiorari*, aun cuando se le dio la oportunidad.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. *BPPR v. Gómez Alayón et al.*, 213 DPR 314 (2023) (citando a *IG Builders et al. v. BBVAPR*, 184 DPR 307 (2012)); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del Tribunal de Primera Instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada,

error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Ahora bien, y en lo pertinente a nuestros fundamentos, cuando sea conveniente para los fines de la justicia y previa celebración de vista en la cual deberá participar el fiscal, el Tribunal de Primera Instancia podrá decretar el sobreseimiento de una acusación o denuncia. Regla 247 de Procedimiento Criminal, *supra*. Por efecto, dicho sobreseimiento impedirá un nuevo proceso por los mismos hechos únicamente cuando el tribunal así lo determine o cuando se trate de un delito menos grave, entre otros. Íd. Asimismo, luego del acusado hacer una alegación de culpabilidad, pero antes de hacerse pronunciamiento de culpabilidad cuando el fiscal lo solicitare, y de presentare evidencia de que el acusado ha suscrito un convenio para someterse a tratamiento y rehabilitación en un programa público o privado, el tribunal podrá suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir, y por el término dispuesto en el convenio para la rehabilitación del acusado el cual no excederá de cinco (5) años. Íd., R. 247.1. Si durante el periodo de libertad a prueba la persona no viola ninguna de las condiciones de esta, el tribunal—a su discreción y previa celebración de vista en la cual participará el fiscal—podrá exonerar a la

persona y sobreseer el caso en su contra, sin requerir una declaración de culpabilidad por el tribunal. Íd.

Similarmente, en casos en las cuales un individuo es acusado de cometer algún delito de posesión de sustancias controladas, apropiación ilegal u otro delito grave, pero antes de pronunciarse la culpabilidad de éste, el Tribunal de Primera Instancia podrá solicitar que se prepare un *Plan Individualizado de Tratamiento, Recuperación y Rehabilitación* (*Plan Individualizado*) siempre y cuando este foro determine que el imputado sufre de un trastorno relacionado a sustancias. Íd., R. 247.2. Del Tribunal recibir un *Plan Individualizado* y celebrar una vista para discutir su contenido, más la persona imputada aceptar los términos y condiciones de la misma, éste último deberá suscribir el correspondiente convenio para someterse a tratamiento y rehabilitación en un programa público o privado. Íd. Sin embargo, el acceso a este convenio estará subordinado a que el imputado realice, libre y voluntariamente, la correspondiente alegación de culpabilidad. Íd. Una vez el Tribunal reciba certificación de que el imputado cumplió y completó lo dispuesto en el *Plan Individualizado*, dicho foro ordenará el archivo y sobreseimiento del caso. Íd. Lo mencionado anteriormente no aplicará a ningún caso de distribución de sustancias controladas, según dispone la Ley Núm. 4 de 23 de junio de 1971 (24 LPRA sec. 2102 *et seq.*). Íd.

A esos efectos, antes de archivar el caso criminal, el tribunal deberá considerar (1) la evidencia con la que cuenta el Ministerio Público para establecer su caso; (2) la naturaleza del delito y acusación, cual incluye el tipo de actividad delictiva en cuestión y su seriedad; (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado

o similar; (4) tiempo que el acusado lleva encarcelado, de estarlo; (5) la posibilidad de amenaza u hostigamiento; (6) la probabilidad de que en el juicio pueda traerse evidencia nueva o adicional; (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos; y (8) la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado. *Pueblo v. Castellón Calderón*, 151 DPR 15 (2000) (citando a *People v. Williams*, 179 Cal. Rptr. 443 (1981) (Derogado); *People v. Andrade*, 150 Cal. Rptr. 662 (1978); *People v. Ritchie*, 95 Cal. Rptr. 462 (1971); *People v. Fretwell*, 87 Cal. Rptr. 356 (1970); *People v. Superior Court of Marin County*, 72 Cal. Rptr. 330 (Cal. 1968) (Derogado)). Dichos factores no tienen que todos concurrir para que se justifique el archivo, al igual que el tribunal podrá tomar en cuenta otros factores. Íd.

Por otro lado, cualquier persona a la que se le impute la comisión de un delito grave o menos grave producto de una misma transacción o evento que resulte absuelta luego del juicio correspondiente, o por orden o resolución de un tribunal, podrá solicitar al Tribunal la devolución de las huellas digitales y fotografías. Art. 4 de la Ley Núm. 45-1983 (25 LPRA sec. 1154). Véase, también, Reglas 247.1-247.2 de Procedimiento Criminal, *supra*; *Santiago Cora v. ELA*, 2025 TSPR 44, 215 DPR ___ (2025). Del Ministerio Público no presentar objeción a dicha devolución, el Tribunal podrá ordenar, sin vista, la devolución solicitada y, de haber objeción, se señalará vista pública a esos efectos. Art. 4 de la Ley Núm. 45-1983, *supra*.

No obstante, la discreción del Tribunal de conceder la devolución solicitada depende de si existen o no circunstancias especiales que

ameriten que la Policía de Puerto Rico conserve, en cuanto a la persona afectada, las huellas digitales y fotografías que le hubieren sido tomadas. *Santiago Cora v. ELA*, *supra* (citando a *Pueblo v. Torres Albertorio*, 115 DPR 128 (1984)). Esto es, ya que la preservación de los datos de identificación de una persona convicta puede jugar un papel importante en la protección de personas inocentes y de la ciudadanía en general, al igual que la persona que extingue una sentencia criminal no alberga una expectativa razonable de intimidad frente al Estado sobre los datos accesorios a su arresto. Íd. De una persona convicta ser totalmente absuelta o indultada por el Gobernador, las huellas dactilares y fotografías podrán conservarse bajo un estricto margen de confidencialidad, aunque no se disponga la posibilidad de reincidencia como agravante. Íd.

En el presente caso, es claro que el Tribunal de Primera Instancia erró al ordenar la devolución de las huellas digitales y fotografías tomadas al recurrido. Del expediente se desprende que el Tribunal recurrido efectuó dicha orden sin ser requerido, sin expresión de anuencia del Ministerio Público, ni determinación concreta vía vista al efecto sobre la existencia o no de circunstancias especiales que ameriten que la Policía de Puerto Rico conserve las referidas huellas digitales y fotografías. Aquí solo se archivó y dictó sobreseimiento con respecto a dos de los tres delitos por los cuales el señor Díaz Pacheco alegó culpabilidad y se satisfizo la pena con respecto al otro delito por el que se hizo alegación de culpabilidad. En caso alguno hubo la absolución completa de los cargos. Por tanto, el Tribunal de Primera Instancia carecía de la facultad para ordenar la devolución de las huellas digitales y fotografías en controversia.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos parcialmente la *Sentencia de Archivo* recurrida, solo en cuanto a la devolución de las huellas digitales y fotografías al señor Díaz Pacheco.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

"El Juez Salgado Schwarz está conforme con la determinación que antecede, dejando claro que, aún cuando no es una absolución o un indulto, el archivo y sobreseimiento de una causa al amparo de la Regla 247.2 de Procedimiento Criminal redunda en la ausencia de convicción criminal, por lo que en esencia la consecuencia debe ser equivalente en cuanto al proceso de devolución de huellas y fotografías. Sin embargo, el peticionario debe de seguir el proceso adecuado y el TPI debe realizar el análisis correspondiente. Independientemente, en el caso que hoy resolvemos, las autoridades deben mantener la información del Peticionario bajo los estrictos márgenes de confidencialidad."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones