[Crim. No. 14074. First Dist., Div. Four. Dec. 11, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL RAY SMITH, Defendant and Respondent.

## Counsel

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Jamie Jacobs-May, Deputy Attorneys General, for Plaintiff and Appellant.

Shaw, Kuhn & Thomas, Robert M. Levy and Leonard Shaw for Defendant and Respondent.

OPINION

CHRISTIAN, J.—The People appeal from an order admitting Michael Ray Smith to probation. Respondent had been charged by information with assault by means of force likely to produce great bodily injury (Pen. Code, § 245). Respondent at first pleaded not guilty. During pretrial proceedings, the court granted respondent's motion to withdraw his former plea of not guilty and, over the objection of the prosecutor, permitted him to plead guilty to violation of Penal Code section 242 (battery). The prosecutor objected on the basis that it was improper for the court in effect to negotiate its own plea bargain with the defendant; it was also pointed out that the offense to which a plea of guilty was being accepted had not been charged by the prosecutor and was not a lesser offense included within the charged assault. Nevertheless, the court accepted the plea and admitted Smith to probation.

The court's rationale in allowing respondent to withdraw his earlier plea and to plead guilty to another offense was: "It's my understanding the present state of the law, the Court by way of a disposition could offer a plea to something that is probably related to the main charge."

■ A court may, either upon its own motion or upon motion of the prosecuting attorney, order that an action be dismissed "in furtherance of justice." In so doing, the court must set forth its reasons for dismissing the charge in an order entered upon the minutes. (Pen. Code, § 1385.) The requirement of a statement of the reasons for dismissing the action is mandatory, despite the broad discretionary power of the court to order such a dismissal in furtherance of justice. (*People v. Orin* (1975) 13 Cal.3d 937, 943-945 [120 Cal.Rptr. 65, 533 P.2d 193]; *People v. Superior Court* (1968) 69 Cal.2d 491, 501-502, 503 [72 Cal.Rptr. 330, 446 P.2d 138]; *People v. Ritchie* (1971) 17 Cal.App.3d 1098, 1104-1105 [95 Cal.Rptr. 462].) Without a statement of adequate reasons, a dismissal pursuant to Penal Code section 1385 is invalid. (*People v. McAlonan* (1972) 22 Cal.App.3d 982, 986 [99 Cal.Rptr. 733]; *People v. Beasley* (1970) 5 Cal.App.3d 617, 637-638 [85 Cal.Rptr. 501].) Furthermore, where reasons are not set forth in the minutes, the dismissal may not be considered as one made under the authority of section 1385. (*People v. Superior Court, supra,* 69 Cal.2d 491, 503, fn. 7.) Here, the entire transaction was initiated by respondent's motion to the court to withdraw his not guilty plea and to plead guilty to a lesser related offense; while a defendant can informally suggest that a court consider a dismissal of charges against him, section 1385 does not provide for a formal motion by the defense to

accomplish the same result. (*People* v. *Ritchie, supra,* 17 Cal.App.3d at p. 1104.) Therefore, the court's action cannot properly be characterized as a dismissal of charges "in furtherance of justice" as authorized by Penal Code section 1385.

"Plea bargaining" is a process by which the People, represented by the prosecutor, and a defendant negotiate an agreement for the disposition of criminal charges against the defendant. (*People* v. *West* (1970) 3 Cal.3d 595, 607-608 [91 Cal.Rptr. 385, 477 P.2d 409]; Pen. Code, §§ 1192.1, 1192.2, 1192.4, 1192.5.) ■ The approval of the trial judge is an essential element to the effectiveness of the plea bargain eventually worked out between the prosecutor and the defendant. (*People* v. *Orin, supra,* 13 Cal.3d at pp. 942-943.) "However, the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection. Such judicial activity would contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition, would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter. (*People* v. *Williams* (1969) 269 Cal.App.2d 879, 884 [75 Cal.Rptr. 348].)" [Fn. omitted.] (*People* v. *Orin, supra,* 13 Cal.3d at p. 943.) A trial judge should not involve himself directly with plea discussions prior to the time that an agreement has been reached between the parties other than to facilitate the opening of those negotiations between the prosecution and the defense. (See A. B. A. Standards Relating to Administration of Criminal Justice (1972) Function of the Trial Judge, § 4.1(a); *id.* (1968) Pleas of Guilty, § 3.3(a).) Here, the prosecutor refused to concur in the disposition which the court proposed to order; hence, the transaction may not be characterized as a plea bargain.

■ Respondent argues that the court's action was nevertheless within the judicial function. The powers of state government are separated among the legislative, executive, and judicial branches, and the powers of one branch may not be exercised by another branch. (Cal. Const., art. III, § 3.) The judicial power is vested in the courts. (Cal. Const., art. VI, § 1.) In recent years it has been repeatedly held that this principle prohibits any requirement of concurrence by the prosecutor in the judicial disposition of criminal cases by way of striking charged prior offenses (*People* v. *Tenorio* (1970) 3 Cal.3d 89, 95 [89 Cal.Rptr. 249, 473

P.2d 993]), determining whether an offense shall be charged as a misdemeanor or felony where either treatment is allowed under the relevant statute (*Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 127 [95 Cal.Rptr. 524, 485 P.2d 1140]), committing a narcotics offender to a narcotics treatment program rather than to prison (*People* v. *Navarro* (1972) 7 Cal.3d 248, 259 [102 Cal.Rptr. 137, 497 P.2d 481]), diverting narcotics offenders (*People* v. *Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 68 [113 Cal.Rptr. 21, 520 P.2d 405]), and granting probation rather than committing the defendant to prison (*People* v. *Clay* (1971) 18 Cal.App.3d 964, 970 [96 Cal.Rptr. 213]). Once the jurisdiction of the court has been invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility. (*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d at p. 66.)

Congruently, the district attorney, part of the executive branch, is the public prosecutor charged with conducting all prosecutions on behalf of the People. This function includes instituting proceedings against persons suspected of criminal offenses, and drawing up informations and indictments. (Gov. Code, §§ 26500-26502.) The discretionary decision to bring criminal charges rests *exclusively* in the grand jury and the district or other prosecuting attorney. (See *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708 [117 Cal.Rptr. 905]; *Williams* v. *Superior Court* (1973) 30 Cal.App.3d 8, 12 [106 Cal.Rptr. 89]; *People* v. *Municipal Court* (1972) 27 Cal.App.3d 193, 203-204 [103 Cal.Rptr. 645, 66 A.L.R.3d 717]; Gov. Code, §§ 26500-26502.) The choice of the appropriate offense to be charged is also within the discretionary power of the prosecuting attorney. (*People* v. *Ulibarri* (1965) 232 Cal.App.2d 51, 55 [42 Cal.Rptr. 409], disapproved on other grounds in *People* v. *Williams* (1965) 63 Cal.2d 452, 460, fn. 8 [47 Cal.Rptr. 7, 406 P.2d 647].) "The charging decision is the heart of the prosecution function. The broad discretion given to a prosecutor in deciding whether to bring charges and in choosing the particular charges to be made requires that the greatest effort be made to see that this power is used fairly and uniformly." (A. B. A. Standards Relating to Administration of Criminal Justice (1971) The Prosecution Function, commentary to § 3.9(a).) The trial court, by allowing respondent to withdraw his plea of not guilty to Penal Code section 245 and enter a plea of guilty to Penal Code section 242 instead, encroached upon the prosecutor's function of charging offenses. There was no disposition of the section 245 charge unless the court's action were to be treated as a *sub silentio* dismissal of the charge. Moreover, the court took it upon itself to charge the respondent with an otherwise uncharged and nonincluded, although related, lesser offense than that which had been

charged by the People. That action was unlawful; just as the executive may not exercise judicial power, so the judiciary is prohibited from entering upon executive functions. (Cal. Const., art. III, § 3.) The court acted beyond its authority in accepting a plea of guilty to a lesser nonincluded but related offense over the prosecutor's objection.

*Esteybar* v. *Municipal Court, supra,* 5 Cal.3d 119, is to be distinguished from the present case. *Esteybar* held that the power of the judiciary to determine whether a charged offense is to be tried as a misdemeanor or as a felony, where either treatment is permitted by the relevant statute, cannot be conditioned upon the approval of the prosecutor. In this case, however, there is no question concerning treatment of the same offense as either a felony or a misdemeanor. Respondent was charged with a certain specified offense; the court agreed to accept a guilty plea from respondent to a different offense which had not been charged. The result was not only a reduction in the level of the offense from a felony to a misdemeanor, permitted by *Esteybar,* but also a change in the very nature of the offense charged to a noncharged offense. Were such a result to be permitted, the prosecutor would effectively be deprived of his discretionary power to decided which offense should be charged.

The probation order is reversed with directions to vacate the plea of guilty to violating Penal Code section 242 and reinstate the plea of not guilty to violating Penal Code section 245.

Caldecott, P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under appointment by the Chairman of the Judicial Council.