943 A.2d 14

**STATE of Maryland**

v.

**Isaac Christopher LEE.**

**No. 988 Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Feb. 28, 2008.

Jeremy M. McCoy (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, for Appellant.

Brief not submitted for Appellee.

Panel: HOLLANDER, JAMES R. EYLER and WOODWARD, JJ.

JAMES R. EYLER, Judge.

Christopher Lee, appellee, was convicted by the Circuit Court for Baltimore City of offenses related to the unlawful possession of a firearm. The State, appellant, charged appellee in a two-count criminal indictment, the first count for unlawful possession of a regulated firearm by a person convicted of a disqualifying crime under Maryland Code (2003, 2007 Supp.), § 5–133(b)(1) of the Public Safety Article ("P.S."), later amended to § 5–133(c), and the second count for unlawful possession of a handgun under Maryland Code (2002, 2007 Supp.), § 4–203 of the Criminal Law Article ("C.L."). Prior to the beginning of trial, the trial court, as explained below, amended the indictment, effectively dismissing count one of the indictment and adding a new charge, unlawful possession of a firearm by a convicted felon under C.L. § 5–622, without appellant's consent. Appellee entered a guilty plea to the new charge under C.L. § 5–622 and to the original count two charge for unlawful possession of a handgun. The trial court accepted appellee's guilty plea and sentenced appellee to a total of eight years incarceration, all of which was suspended, plus three years of supervised probation.

On appeal, appellant raises the sole issue of whether the trial court erred in amending the indictment by deleting a charge and substituting a new one against appellee, without appellant's consent.

Finding error in the trial court's action, we shall reverse.

### Factual Background

On July 27, 2004, appellant filed a two-count indictment against appellee. Count one of the indictment charged that on

the date of July 1, 2004, appellee was in possession of a regulated firearm after having been convicted of a disqualifying crime, in violation of P.S. § 5–133(b)(1). Count two of the indictment charged that appellee did unlawfully wear, carry, and transport a handgun in violation of C.L. § 4–203.

The facts surrounding the offenses appellee allegedly committed are not at issue in this appeal and can be stated briefly. On the evening of July 1, 2004, police officers patrolling in the 700 block of The Alameda in Baltimore City observed appellee sitting on the front steps of a home with a group of people. The officers' attention was drawn to the group when an unknown person jumped up and quickly went inside of the home. The officers stopped their vehicle and recognized appellee from prior occasions. Appellee initiated conversation with the officers, and when the officers started to exit their vehicle, appellee stood up and walked into the home. The officers noticed appellee was displaying the characteristics of an armed person by holding his waistband, and the officers chased appellee through the home. Appellee fled out the back door of the home and crawled under a mobile home. Appellee emerged from underneath the mobile home, and the officers eventually stopped him. The officers recovered a semi-automatic handgun from underneath the mobile home that appellee had crawled under, and appellee was arrested. The recovered handgun had been reported stolen.

On May 14, 2007, following numerous postponements, appellee appeared for trial in circuit court.[1] Prior to trial, the prosecutor moved to amend the charging document, stating that the count one charge under P.S. § 5–133(b)(1), should be amended to P.S. § 5–133(c)(1)(ii). P.S. § 5–133(c)(1)(ii) prohibits possession of a regulated firearm by a person convicted of certain enumerated offenses, including violations of C.L. § 5–602 prohibiting the manufacture, distribution, possession with intent to distribute, or dispensing of a controlled danger-

---

1. There is no issue before us regarding the mandatory time requirement for bringing a case against a criminal defendant to trial under *State v. Hicks*, 285 Md. 310, 403 A.2d 356 (1979).

ous substance ("CDS"). Violations of P.S. § 5–133(c) carry a minimum sentence of 5 years, no part of which may be suspended. Appellee was a person prohibited from possessing a regulated firearm under P.S. § 5–133(c)(1)(ii), based on a January 23, 2003 conviction under C.L. § 5–602, relating to distribution of CDS.

Appellee objected to appellant's amendment to the charging document, which the trial court overruled. Counsel for appellee then offered his own motion to amend the charging document, and proffered that assuming appellee was in possession of a handgun, appellee could be charged under P.S. § 5–133(c), with its mandatory minimum penalty of five years, no part of which may be suspended; or appellee could be charged under C.L. § 5–622, which has similar elements to P.S. § 5–133(c), and carries a maximum sentence of five years with the possibility of suspension or parole. Counsel for appellee explained that, under the "rule of lenity," appellee should be charged under C.L. § 5–622, not P.S. § 5–133(c), stating: "I think the law is pretty clear when there's two statutes [that] apply and they both carry elements that apply to the prohibited behavior[,] [t]he Defendant should get the benefit of the lesser of the two statutes." Appellee requested that the trial court dismiss the count one charge under P.S. § 5–133, and charge appellee under C.L. § 5–622.

In response to appellee's motion, appellant asserted that appellee should be charged under P.S. § 5–133(c), explaining there were differences between P.S. § 5–133(c) and C.L. § 5–622.[2] Appellant explained:

---

2. The elements of P.S. § 5–133(c) are more specific than the elements of C.L. § 5–622(b) and require additional acts. P.S. § 5–133(c) requires possession of a "regulated firearm," defined under P.S. § 5–101(p)(1)–(2) as a handgun or specific assault weapon; whereas, C.L. § 5–622(b) requires possession of a "firearm," which is defined as including various types of firearms in addition to regulated firearms. Additionally, P.S. § 5–133(c)(1)(ii) requires a previous conviction of certain enumerated offenses, whereas, C.L. § 5–622(b)(1) requires a felony, conspiracy to commit a felony, or attempted felony conviction.

[Appellee's prior conviction] is enumerated. The crime for which [appellee] received a prior conviction was under [section] 5–602, distribution of CDS. There are differences in the statute. Under 5–133 it requires that it be a regulated firearm and a handgun is a regulated firearm. 5–622 does not require that it be a regulated firearm. Any gun qualifies, includ[ing] short barreled shotguns, antique rifles, anything of that nature. They require different elements. They're two distinct crimes. The legislature chose to enact both of them knowing that there was some overlap, and the State chose to charge [appellee] under the Public Safety Article and not under the Criminal Law Article. We could have charged them under both. [Appellee] could have been convicted under both. [Appellee] could have been sentenced to consecutive time under both, but in that, [appellee] is charged under 5–133. The State's position is that the only available penalty is five years without the possibility of parole.

The trial court then inquired when, in the three years since the date the indictment was filed against appellee, did appellant start charging defendants under both P.S. § 5–133(c) and C.L. § 5–622. The prosecutor responded that the decision of whether to charge defendants under both P.S. § 5–133(c) and C.L. § 5–622 was decided by the State's Attorney's Office on an individual, case-by-case basis.

The trial court then issued its ruling:

It just seems somebody who has a minor record, relatively minor record, and who really hasn't been in trouble over the three years since he's been charged, that it was obviously, whether it's [section] 5–622 or the Section that he was charged under, possession of an unregistered handgun is a serious matter.

But it seems to me he's entitled to the benefit of 5–622 under the Rule of Lenity, and that he would be entitled to a sentence of five years with parole, with eligibility for parole and not one where there's no eligibility for parole.

So I will accept a plea of guilty to—under [section] 5–622 and also to wear, carry—three years, wear, carry, transport

the handgun. So it will be a total of eight years. And as I said I will accept that plea because I think he's entitled to the benefit of [section] 5–622.

The prosecutor noted an objection to the trial court's action, explaining it was appellant's position that the only appropriate sentence was five years without the opportunity for parole, and that appellant would appeal. The trial court overruled appellant's objection.

Counsel for appellee explained the ramifications of a guilty plea to appellee. Appellee then offered his guilty plea, which the trial court found was free, voluntary, and intelligent, and the court then accepted appellee's guilty plea. The prosecutor recited the agreed statement of facts, and based on the statement of facts, the trial court found appellee guilty beyond a reasonable doubt of one count of unlawful possession of a firearm by a convicted felon under C.L. § 5–622, and one count of wearing, carrying, or transporting a handgun under C.L. § 4–203. The trial court then sentenced appellee to a total of eight years, all of which was suspended, and three years of supervised probation, including payment of court costs.

Appellant appealed, pursuant to Maryland Code (2006 Repl. Vol., 2007 Supp.), § 12–302(c)(1) of the Courts and Judicial Proceedings Article ("C.J."). Appellant contended in the notice of appeal that the trial court had "quashed the indictment in this matter and substituted an additional uncharged Count in its place." Appellee, *pro se*, has not filed a brief.[3]

## Discussion

### 1. *Appellant's Right of Appeal and Standard of Review*

We begin our discussion by considering appellant's right of appeal under C.J. § 12–302(c)(1). C.J. § 12–302(c)(1) provides

---

**3.** On August 23, 2007, counsel for appellee moved to strike their appearance for appellee. On September 28, 2007, this Court ordered appellee and appellant to show cause why the motions should not be granted. Appellee did not respond to the show cause order, appellant responded, and did not oppose the motion. On November 6, 2007, this Court granted the motion to strike the appearance of counsel.

that in a criminal case, the "State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition." In this case, both appellant and appellee moved to amend the charging document. The trial court initially granted the prosecutor's motion to amend, but later accepted a guilty plea to a violation of C.L. § 5–622, which was not part of the original indictment. The court's action effectively granted appellee's motion to dismiss the charge under P.S. § 5–133 and substituted a charge under C.L. § 5–622. The docket entries indicate that all counts were disposed of, and the case was closed.

Appellant's right of appeal under C.J. § 12–302(c)(1) was therefore ripe upon final judgment, which occurred when the trial court sentenced appellee for his convictions under C.L. § 5–622 and C.L. § 4–203. The fact that only one count was dismissed in the two-count indictment is not a bar to appeal under C.J. § 12–302(c)(1). *See Jones v. State,* 298 Md. 634, 638, 471 A.2d 1055 (1984) (holding that State's appeal of trial court's dismissal of first count in a four count indictment under C.J. § 12–302(c)(1) was not ripe until final judgment on the remaining counts pled in the guilty plea, and noting that upon imposition of the sentences on the remaining counts, "the situation ... was ripe for the State to appeal or to perfect its earlier attempt to appeal").

■ The dismissal of an indictment is at the sound discretion of the trial court, *see State v. Lohss,* 19 Md.App. 489, 494, 313 A.2d 87 (1973), *rev'd on other grounds,* 272 Md. 113, 321 A.2d 534 (1974), and we review for an abuse of discretion.

## II. *The Merits*

■ Appellant contends the trial court erred in effectively dismissing count one of the indictment and in accepting a guilty plea from appellee to an offense that was not charged or agreed upon by appellant. Appellant contends the trial court's action improperly interfered with appellant's authority and discretion in charging criminal defendants, and that the

trial court improperly involved itself in a plea negotiation. We agree.

▮ In Maryland, State's Attorneys have broad discretion in deciding which charges to prosecute against defendants. *See Evans v. State*, 396 Md. 256, 298, 914 A.2d 25 (2006) ("State's Attorneys retain broad discretion ... in determining which cases to prosecute, which offenses to charge, and how to prosecute the cases they bring."); *Beverly v. State*, 349 Md. 106, 121, 707 A.2d 91 (1998) ("It is well-settled that the determination of which criminal charges, if any, to bring is a matter of prosecutorial discretion."); *Sinclair v. State*, 278 Md. 243, 252, 363 A.2d 468 (1976) ("It is clear that state's attorneys in this State have very wide and largely unreviewable discretion as to whether or not to pursue the prosecution of criminal offenses."). The grant of discretionary authority to state's attorneys in determining which cases and charges to prosecute was explained by the Court of Appeals in *Brack v. Wells*:

> By the Constitution of Maryland, Article 5, Section 9, the State's Attorney shall perform such duties as may [by] law be prescribed. By section 33 of Article 10 of the Code [(current version at § 34 of Article 10)], that officer is required to 'prosecute and defend, on the part of the State, all cases in which the State may be interested.' In such prosecutions of persons accused of crime, he must exercise a sound discretion to distinguish between the guilty and the innocent. He must be trusted with broad official discretion to institute and prosecute criminal causes, subject generally to judicial control. The office is one not purely ministerial, but involves the exercise of learning and discretion. As a general rule, whether the State's Attorney does or does not institute a particular prosecution is a matter which rests in his discretion.

184 Md. 86, 90, 40 A.2d 319 (1944) (citation omitted).

The role of trial courts in the plea agreement process was defined by this Court in *Barnes v. State*, 70 Md.App. 694, 523 A.2d 635 (1987). In *Barnes*, we interpreted the language of

Maryland Rule 4–243, which governs plea agreements, explaining that "[a]lthough [Rule 4–243] does not expressly prohibit judicial participation in plea bargaining, its language contemplates a limited role for the trial judge in that process." 70 Md.App. at 702, 523 A.2d 635.[4] We explained that the role of the trial court as contemplated by Rule 4–243 is consistent with the judicial role in plea negotiations suggested by Standard 14–3.3 of the American Bar Association's Standards for Criminal Justice, Pleas of Guilty (2d ed. 1980 & 1986 Supp.). *Id.* at 704, 523 A.2d 635. We explained that under the ABA's Standards for Criminal Justice on guilty pleas, "the judge may meet with defense counsel and the prosecutor when the par-

---

4. Maryland Rule 4–243 provides in pertinent part:

(a) Conditions for Agreement.

(1) *Terms.* The defendant may enter into an agreement with the State's Attorney for a plea of guilty or nolo contendere on any proper condition, including one or more of the following:

\* \* \*

(F) That the parties will submit a plea agreement proposing a particular sentence, disposition, or other judicial action to a judge for consideration pursuant to section (c) of this Rule.

\* \* \*

(c) Agreements of Sentence, Disposition, or Other Judicial Action.

(1) *Presentation to the Court.* If a plea agreement has been reached . . ., the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such pre-sentence proceedings and investigation as the judge directs.

\* \* \*

(3) *Approval of Plea Agreement.* If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

(4) *Rejection of Plea Agreement.* If the plea agreement is rejected, the judge shall inform the parties of this fact and advise the defendant (A) that the court is not bound by the plea agreement; (B) that the defendant may withdraw the plea; and (C) that if the defendant persists in the plea of guilty or nolo contendere, the sentence or other disposition of the action may be less favorable than the plea agreement. If the defendant persists in the plea, the court may accept the plea of guilty only pursuant to Rule 4–242(c) and the plea of nolo contendere only pursuant to Rule 4–242(d).

ties are unable to reach a plea agreement on their own, but that the judge's role in such a meeting should be to 'serve as a moderator.'" *Id.* at 706, 523 A.2d 635 (quoting ABA Standards for Criminal Justice, Standard 14–3.3(c)). We also noted that under the ABA Standards, "the judge should never through word or demeanor, either directly or indirectly, communicate to the defendant or defense counsel that a plea agreement should be accepted or that a guilty plea should be entered." *Id.* (quoting ABA Standards for Criminal Justice, Standard 14–3.3(f)).

In *Barnes,* during an *Alford* plea hearing, the trial court conducted a colloquy with the defendant and during that colloquy offered the defendant a sentence of 30 years, when the State was only willing to recommend a 50 year sentence in its plea discussions with the defendant. *See id.* at 697–98, 523 A.2d 635. Based on our interpretation of the language under Rule 4–243, we held the trial court's conduct in offering the defendant a more favorable sentence than the State was willing to offer "exceeded the permissible bounds of judicial participation in plea bargaining contemplated by Rule 4–243" and that "the judge, in effect, negotiated his own agreement with the defendant." *Id.* at 706, 523 A.2d 635. We explained: "The trial judge, in our view, improperly interjected himself into the plea bargaining process as an active negotiator, infringing upon the function reserved to counsel in the adversary process." *Id.* at 707, 523 A.2d 635. We then held that as a result of the trial court's improper action, the defendant was improperly coerced into pleading guilty, and we vacated the guilty pleas. *Id.* at 711, 523 A.2d 635.

In this case, appellant wished to charge appellee under P.S. § 5–133(c), which carried a mandatory five year sentence, none of which could be suspended. The trial court effectively dismissed this charge and, over the prosecutor's objection, replaced it with a charge under C.L. § 5–622. Considering that State's Attorneys are afforded broad discretion in determining which charges to prosecute, and the limited role that trial courts are to play during plea bargaining as defined in *Barnes,* we find the trial court's action in this case exceeded

the permissible bounds of judicial participation in a defendant's entry of a guilty plea. There is no authority under the Maryland Rules, Code, or case law that permits a trial court to bring a new charge against a defendant, after dismissing an original charge, without the State's consent.

■ Contrary to the trial court's statement during the guilty plea hearing, the rule of lenity does not permit or authorize a trial judge to substitute charges in a charging document or to impose a plea agreement. Moreover, the rule of lenity is not otherwise applicable in this situation. In *Alston v. State*, 159 Md.App. 253, 858 A.2d 1100 (2004), this Court considered the issue of whether under the rule of lenity, the sentence of a defendant convicted under Article 27, § 445(d)(1)(ii), which has been repealed and recodified at P.S. § 5-133(c)(1)(ii), could be no greater than that authorized under C.L. § 5-622. *See Alston*, 159 Md.App. at 270, 858 A.2d 1100. In *Alston*, a defendant had been sentenced in circuit court for several offenses, including five years without the possibility of parole for the unlawful possession of a regulated firearm by a person previously convicted of a felony under Article 27, § 445(d)(1)(ii). *Alston*, 159 Md.App. at 257, 858 A.2d 1100. On appeal, the defendant contended that because he could have been convicted under C.L. § 5-622 for the same conduct for which he was convicted under Article 27, § 445(d)(1)(ii), and a conviction under C.L. § 5-622 carried a sentence of no more than five years, without a non-eligibility for suspension or parole requirement, under the rule of lenity his sentence could be no greater than that authorized under C.L. § 5-622. *Id.* at 270, 858 A.2d 1100. We rejected the defendant's argument regarding the rule of lenity as it applied to the two statutes. *See id.* at 273, 858 A.2d 1100.

In *Alston*, we defined the rule of lenity as being:

a principle of statutory construction providing, in its most general application, that, in cases of ambiguity, doubts shall be resolved in favor of criminal defendants. It frequently is applied in the context of merger of offenses for sentencing purposes, when the defendant has been convicted of two

offenses (either both statutory or one statutory and one a derivative of common law) that do not merge under the required evidence test, but there is "doubt or ambiguity as to whether the legislature intended that there be multiple punishments for the same act or transaction[.]"

*Id.* at 270–71, 858 A.2d 1100 (citation omitted) (quoting *Holbrook v. State*, 364 Md. 354, 373, 772 A.2d 1240 (2001)) (alteration in original). We explained "the purpose of the rule of lenity is to prohibit a court from 'interpret[ing] a ... criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended.'" *Id.* at 271, 858 A.2d 1100 (quoting *Monoker v. State*, 321 Md. 214, 222, 582 A.2d 525 (1990)) (alterations in original).

We explained the rule of lenity does not apply, however, when there is no ambiguity to resolve, and that

when two statutes proscribe the same conduct and apply different penalties, the prosecutor has unfettered discretion (if he is not discriminating against any class of defendants) to choose between the statutes. So long as the provisions "unambiguously specify the activity and the penalties available upon conviction," the rule of lenity has no application.

*Id.* at 272, 858 A.2d 1100 (quoting *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)) (citation omitted). Applying this analysis to C.L. § 5–622 and Article 27, § 445(d)(1)(ii), we held:

[T]he State could have prosecuted the appellant, based on the same conduct, for violating CL section [5–622], which was part of the Controlled Dangerous Substances laws, enacted by 1991 Md. Laws, ch. 613; or for violating section 445(d)(1)(ii), subject to an enhanced penalty under section 449(e), which was enacted in 2000, as part of the Responsible Gun Safety Act, 2000 Md. Laws, ch. 2. There is no ambiguity as between these provisions, and hence the rule of lenity is not triggered. The State had discretion to

prosecute the appellant under the provision carrying the stiffer penalty.

*Id.* at 272–73, 858 A.2d 1100.

While there are no Maryland cases with facts substantially similar to this case, appellant called our attention to a similar case, decided by the California Court of Appeal, *People v. Smith*, 53 Cal.App.3d 655, 126 Cal.Rptr. 195 (1975). In *Smith*, the trial court, during pre-trial proceedings, granted a defendant's motion to withdraw a former plea of not guilty to "assault by means of force likely to produce great bodily injury," and over the objection of the state prosecutor, permitted the defendant to plead guilty to the offense of battery. 53 Cal.App.3d at 657, 126 Cal.Rptr. 195. The California Court of Appeal treated the trial court's action as a dismissal of the original charge for aggravated assault, and regarding the battery charge, explained the trial court had taken it "upon itself to charge the [defendant] with an otherwise uncharged and nonincluded, although related, lesser offense than that which had been charged by the [State of California]." *Id.* at 659–60, 126 Cal.Rptr. 195. The California Court of Appeal held the action by the trial court was unlawful, explaining "just as the executive may not exercise judicial power, so the judiciary is prohibited from entering upon executive functions." *Id.* at 660, 126 Cal.Rptr. 195.

Similar to the facts of *Smith*, the trial court in this case effectively dismissed the count one charge under P.S. § 5–133, and by its own action and over the objection of the prosecutor, charged appellee with a non-included but related charge under C.L. § 5–622 that carried a lesser penalty. Finding the holding of *Smith* instructive, and based upon our earlier analysis, we hold that the trial court in this case abused its discretion when it did so.[5] Accordingly, we reverse appellee's

---

5. We do not have before us the question of whether, under the rule of lenity, convictions under both C.L. § 5–622 and P.S. § 5–133(c) would merge for sentencing purposes, if based on the same conduct. In that situation, they would likely merge, with the offense carrying the lesser penalty merging into the offense carrying the greater penalty.

guilty pleas, vacate appellee's guilty pleas, reverse the dismissal of the original charge under P.S. § 5–133 and the addition of a new charge under C.L. § 5–622, and remand for further proceedings.

JUDGMENTS REVERSED. APPELLEE'S GUILTY PLEAS VACATED. COURT'S DISMISSAL OF CHARGE UNDER PUBLIC SAFETY ARTICLE § 5–133(C) AND SUBSTITUTION OF CHARGE UNDER CRIMINAL LAW ARTICLE § 5–622 VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.