Filed 1/19/22  P. v. Monger CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN MATTHEW MONGER,<br>    Defendant and Appellant. | A163687<br><br>(Alameda County<br>Super. Ct. No. 94194) |

In 1988, the Alameda County District Attorney filed an information charging defendant Steven Matthew Monger with murder, together with an allegation that a principal was armed with a shotgun, for the October 21, 1987 shooting of Gary Bradford.  (Pen. Code,[1] §§ 187, 12022, subd. (a).)  The probation department reported that defendant and an accomplice attempted to rob the victim. In the course of that attempt, defendant struck the victim with a baseball bat and then the accomplice fatally shot the victim.

On March 21, 1990, defendant, having waived his rights, pleaded no contest to the murder count (stipulated to be murder in the second degree), with the understanding that he would be sentenced to a term

---

[1]    All undesignated statutory references are to the Penal Code.

1

of 15 years to life in state prison. On June 14, 1990, defendant was sentenced as promised at the change of plea proceeding. After serving 27 years in custody, defendant was released on parole in December 2014.

On July 29, 2019, defendant filed a petition seeking to vacate his murder conviction and for resentencing under section 1170.95. In response, the People agreed defendant had established a prima facie case showing he was eligible for relief. In reply, defendant asked the court to exercise its discretion, on its own motion, to dismiss the action under section 1385. (*People v. Smith* (1975) 53 Cal.App.3d 655, 657 [while section 1385 does not provide for a formal motion by the defense, "a defendant can informally suggest that a court consider a dismissal of charges against him"].)

On September 14, 2021, a hearing was held on defendant's section 1170.95 petition. The trial court found defendant had made a prima facie showing of eligibility for relief, and "by previous agreement," the court issued an order to show cause and immediately proceeded to a hearing on whether the defendant was entitled to relief. At the hearing, the prosecutor conceded defendant was entitled to have his murder conviction vacated and to be resentenced at that time.

The trial court found defendant was entitled to section 1170.95 relief and vacated the murder conviction. It recognized that, for purposes of resentencing, it had the authority to redesignate the murder conviction as convictions for more than one felony. (See *People v. Watson* (2021) 64 Cal.App.5th 474, 492.) However, recognizing defendant's rehabilitative efforts, the court chose not to impose "a lot of felony convictions" and instead redesignated the murder conviction as a

2

single felony conviction for attempted robbery, "a strike offense," together with a true finding on an added enhancement that a principal was armed with a firearm. Defendant was sentenced on the attempted robbery to the high term of three years, together with a consecutive term of one year for the armed enhancement, for an aggregate term of four years. The court deemed the sentence served, giving defendant credit for time served of 27 years (1,448 days). No additional period of parole was imposed as the court found defendant had done "an excellent job" on parole and the parole board had terminated his parole.

While acknowledging its discretionary authority under section 1385, the trial court refused to dismiss the action in the interest of justice. In making its ruling, the court expressly stated it had considered defendant's criminal history both prior to and at the time of the murder, which included defendant's two prior commitments to the California Youth Authority (CYA), and that at the time of the October 1987 murder defendant was still on CYA "formal supervision" and had also been involved in "a whole series of robberies that went on for some period of time" (committed in September and October 1987, which offenses had been charged in the information but dismissed as part of the plea agreement). The court also considered that defendant's record in prison was "absolutely sterling, . . . rather remarkable," and since his release from prison he had successfully completed parole supervision and secured employment. Balancing defendant's "years of deep criminality" against his efforts toward rehabilitation "for the best part of 30 years," the court nonetheless found dismissal would be "wrong" as it would have the effect that "too much history [was] simply being erased." (See *People v. Barro* (2001) 93 Cal.App.4th 62, 66 ["the effect

3

of a dismissal under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance;" " '[t]he defendant stands as if he had never been prosecuted for the charged offense [citation]' "].)

Defendant timely appealed the September 14, 2021 resentencing order. Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. Appellate counsel has also averred that defendant was advised of his right to file a supplemental brief.

While defendant has not filed a supplemental brief, his notice of appeal mentions the court's refusal to dismiss the action under section 1385. (See *People v. Carmody* (2004) 33 Cal.4th 367, 374 [trial court's refusal to dismiss under section 1385 "is subject to review under the deferential abuse of discretion standard"].) The record reflects no abuse of discretion as the trial court's refusal to dismiss the action under section 1385 was made after giving due consideration to "the nature and circumstances" of defendant's criminal conduct as well as the particulars of "his background, character and prospects." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see also *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 [" '[t]he trial court is not required to state reasons for declining to exercise its discretion under section 1385,' . . . and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' "].)

In sum, our independent review of the record discloses no arguable issues that warrant further briefing by appellate counsel. Accordingly, the September 14, 2021 resentencing order is affirmed.

## DISPOSITION

The September 14, 2021, resentencing order is affirmed.

_____

Petrou, J.

WE CONCUR:


_____

Tucher, P.J.


_____

Fujisaki, J.

*People v. Monger/A163687*